**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**GENISE A. PENNANT,**
     **Plaintiff,**

**vs.**                            **Case No. 3:12cv444/MCR/CJK**

**MICHAEL B. DONLEY,**
**SECRETARY DEPT OF THE AIR FORCE**
     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This employment discrimination case is before the Court upon referral from the Clerk.  Plaintiff, proceeding *pro se*, commenced this action on September 17, 2012, by filing a complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.  (Doc. 1).  On September 18, 2012, the Court directed the Clerk to issue summons for the defendant and to deliver the summons to plaintiff who, the Court advised, was responsible for prompt service of the summons and complaint. (Doc. 3).  Thereafter, plaintiff moved for entry of a default three times.  (*See* Docs. 5, 8, 11).  Each request was denied (docs. 7, 10, 12), because plaintiff's affidavits and supporting documentation did not show plaintiff properly served the summons and complaint upon Secretary Donley and the United States in the manner prescribed by Rule 4(i) of the Federal Rules of Civil Procedure.  In the Court's last order denying

entry of a default, the Court required plaintiff to show cause, within thirty days, why this case should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure for plaintiff's failure to timely serve the defendant in the manner prescribed by Rule 4(i). (Doc. 12; *see also* Fed. R. Civ. P. 4(m) (providing that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time.")). The Court warned plaintiff that her response to the show cause order must include documentation that the United States and Secretary Donley were served in compliance with Rule 4(i), and that plaintiff's failure to respond to the order would result in a recommendation that this case be dismissed without prejudice for failure to comply with an order of the court. (Doc. 12, p. 2). The time for responding to the show cause order has passed with no response from plaintiff.

Accordingly it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE under Local Rule 41.1(B) for plaintiff's failure to comply with an order of the court.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 9th day of July, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).